UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TYRON E. SINGLETON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:07CV350 HEA |
| | ) |
| CITY JUSTICE CENTER | ) |
| ADMINISTRATION, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the application of Tyron E. Singleton (registration no. 41573) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $144.67, and an average monthly account balance of $43.08. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $28.93, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## The complaint

Plaintiff, an inmate at the St. Louis City Justice Center, seeks monetary relief in this 42 U.S.C. § 1983 action against defendants City Justice Center Administration, Unknown Nolan, Unknown

Haley, Unknown Union, and Unknown Williams. Plaintiff alleges that he is "continually being unnecessarily harassed" by officers Nolan, Haley, and Union. In addition, plaintiff claims that defendants do not follow "proper procedure" relative to the processing of his I.R.R.'s, and they "[go] against the protocol according to policy." Plaintiff claims that defendant Nolan's "personal vendetta against [another correctional officer] has been directed towards [him]," and that defendant Haley "makes sarcastic remarks, and assist[s] COI Nolan in harassing [him]." Plaintiff states that the "paperwork that [he] file[s] mysteriously comes up missing," and he claims that defendants "disregard policy" and interfere with his due process rights.

Having carefully reviewed the complaint, the Court finds that plaintiff's allegations do not rise to the level of a constitutional violation, and thus, the complaint will be dismissed as legally frivolous. For the due process clause to be implicated, an inmate must identify the deprivation of a specific property or liberty interest. In the instant action, plaintiff's allegations relative to harassment and making sarcastic comments, not processing prison grievances, and not following protocol fail to state a claim or cause of action under § 1983. `See` *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)(prison officials' failure to process grievances, without more, is not actionable under § 1983; grievance procedure is procedural right only and does not confer substantive right on inmate); *Bagley v. Rogerson*, 5 F.3d 325 (8th Cir. 1993) (allegation of state law violation, statutory or decisional, does not, in itself, state claim under federal Constitution or § 1983); *Burton v. Livingston*, 791 F.2d 97, 99-100 (8th Cir. 1986)(usually, mere words, without more, do not invade federally-protected right; "rough language" resulting only in hurt feelings not actionable under § 1983); *Martin v. Sargent*, 780 F.2d 1334, 1338-39 (8th Cir. 1985)(verbal threats and name calling usually not actionable under § 1983).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $28.93 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this memorandum and order.

Dated this 30th day of April, 2007.

*/s/ Henry Edward Autrey*

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE